The opinion of the Court was delivered by
Johnson J.
The judgment of the Law Court is decisive of the legal liability of the complainant for .the demand of the defendant, from which he now seeks to be relieved here, on the grounds:
1st. Because John Patton was, by mistake, omitted to be credited, in the account before the Ordinary, with the defendant’s receipt for the full amount due her in land.
2d. Because the complainant himself is charged, in the account before the Ordinary, as administrator de bonis non of Halstead Davis, with the funds of the estate which went into the hands of John Davis, and having fully administered John Davis’s estate, it is unjust that he should pay it out of his own pocket.
It may be remarked of both these grounds, that the facts out of which they arise existed, and were known to the complainant, and in his power, at and before the account before the Ordinary, and were matters properly appertaining to the account. He might have availed himself of them then, and if the Ordinary had disregarded them, it was his privilege to have appealed from his judgment to the Court of Law. It is said, in *48 the argument, that complainant had no right to áppeal from his .judgment to the'Court of Law) and that Equity alone could relieve; and the case of. Wallis vs. Gill, 3 McC. 475, is relied on, in support of this position. In the cáse of Burns vs. Ford, (1 Bail., 507,) I had occasion to remark that the rule was laid, down too broadly in Wallis vs. Gill, and that the Court of Law was bound to entertain appeals from the Ordinary, on all questions of common law cognizance which could be presented in su.ch form that' the Law Court could determine them in the ordiriary forms. The grounds of Equity now raised grow out. of the questions of fact: 1st. ■ Whether John Patton or complainant received the funds of the estate of Halstead Davis, and 2d. Whether they were paid' over to defendant? . And surely there is nothing so compléx in these matters as to .prevent their being reduced to the forms of issues at Common law. Taking the case, as made by the defendant, his liability has grown out of his o„wn negligence, in not attending the final account before the Ordinary,‘and appealing from his judgment to the Law Court; and Equity will not’relieve against it.' The facts show,. I think, very clearly, that the funds pf the estate of Halstead Davis' went into the hands of Jphn Patton, and not the complainant,- and upon the first view of the case I was disposed to-think it one of great hardship, as the estate of John Pattori is said to be insolvent. But on more reflection that impression is in a good degree removed’. The defendant was perfectly satisfied with the arrangement she had made with John Patton, by which she.was to obtain the whole amount due her in land,' and the complainant himself prevented that from taking effect, by taking away the house she had built and the land she had cleared,'and" his subsequent offer to-let her have it, after she had been' obliged to purchase elsewhere, was a mockery of justice. As the administrator de' bonis úon of the estate of Halstead Davis, and the administrator of John Patton, the first, administrator, he was bound to know the state of the accounts between the two estates, and when he' had determined to unsettle the arrangement by which she was to get the land, he *49 ought to have provided for the payment of the debt due the defendant. But for the negligence of the complainant, the case might have assumed a different form. I incline to think, however, that substantial justice has been done. The motion to reverse the decree of the Circuit Court is dismissed, and the same is affirmed.
O’Neall and Harper, JJ., concurred.

Decree affirmed.